Lon A. RICKETS et al., Appellants,

v.

Margie SEXTON et al., Appellees.

Supreme Court of Tennessee.

Feb. 2, 1976.

John T. Buckingham, Headman, Stivers, Buckingham & Humphrey, Knoxville, for appellants.

Walter L. Fuller, Jr., Oak Ridge, John M. Davis, Wartburg, for appellees.

## OPINION

HENRY, Justice.

The only question presented on this appeal is the right of a plaintiff to take a voluntary nonsuit or to dismiss an action without prejudice, under the provisions of Rule 41.01, Tenn.R.Civ.P., in the face of the resistance of his adversary.

The Chancellor, apparently pitching his decision on the age and infirmity of one of the parties defendant, held that a nonsuit would be prejudicial and "disallowed" the same. On the same day, when plaintiffs did not come into court to prosecute their action, he dismissed the complaint with prejudice.

We reverse.

As we held in *Stewart v. University of Tennessee*, 519 S.W.2d 591 (Tenn.1974):

Rule 41.01(1) *Tenn.R.Civ.P.*, provides for the *free and unrestricted* right of the plaintiff (at various stages of the proceedings) to take a voluntary nonsuit or

to dismiss his action without prejudice except:

a. in class actions

b. in cases where receivers have been appointed

c. where precluded by specific statute

d. in cases where a motion for summary judgment is pending.

The rule specifies that a plaintiff "shall have the right to take a voluntary nonsuit or to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause". This portion of the rule is not dependent upon the determination of the trial judge. The lawyer for the plaintiff is the sole judge of the matter and the trial judge has no control over it. It is not necessary that he approve the action of plaintiff's counsel by signing any order; nor may he nullify the rules by an order "disallowing" the nonsuit. All that is required to dismiss prior to the trial, in the absence of the existence of any of the exceptions above noted, is the filing of a written notice of dismissal.

In this case plaintiffs' counsel, "gilded the lily" by filing a pleading captioned "motion for voluntary dismissal" which was actually in the form of an order tendered for the signature of the Chancellor. It bore the signature of plaintiffs' then counsel of record. This hybrid document was filed one day *before* the trial date. We hold that it was substantial compliance with the rules and constituted a "written notice of dismissal."

While plaintiff is master of his suit and may dismiss at his pleasure before trial, and without the concurrence of the trial judge, better practice would demand a *pro forma* order, filed after plaintiff's nonsuit, to the end that the dismissal may be reflected upon the minutes of the court.

The right of a plaintiff to take a nonsuit is subject to the further qualification that it must not operate to deprive the defendant of some right that vested during the pend-

ing of the case. *Anderson v. Smith,* 521 S.W.2d 787 (Tenn.1975). No such right vested in the instant case.

■ Defendants resisted the nonsuit upon the grounds that it would deprive them of unspecified "substantive rights concerning their defenses which would not be available in a second suit"; that they would be prejudiced by delay; and that one of them was "totally disabled and has been under extreme tension during the pendency of the suit." The Chancellor evidently was influenced by the fact that one of the defendants was 69 years old and in poor health. This is regrettable but is not a basis for denying plaintiffs their clear right to a dismissal without prejudice.

The judgment of the Chancellor is reversed and this cause is dismissed, without prejudice.

FONES, C. J., and COOPER, BROCK and HARBISON, JJ., concur.