IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 5, 2003 Session

**SUSAN GREEN v. LEON MOORE, ET AL.**

**Appeal by permission from the Court of Appeals,
Circuit Court for Williamson County
No. I-2K393  Robert E. Lee Davies, Judge**

**No. M2002-00889-SC-R11-CV - Filed April 29, 2003**

The sole issue in this appeal is whether the thirty (30)-day notice of appeal period, articulated in Tennessee Rule of Appellate Procedure 4(a) ("Rule 4(a)"), began to run when the appellees filed a notice of voluntary dismissal of the final claim between all parties in this action, or when the trial court entered an order confirming that all claims between all parties in this action had been adjudicated.  The Court of Appeals held that the thirty-day period commenced on the date the appellees filed the notice of voluntary dismissal and concluded that the appellant's notice of appeal was untimely filed.  We granted permission to appeal and hold that the thirty-day notice of appeal period commenced on the date that the trial court entered an order confirming that all claims between all the parties had been adjudicated.  Accordingly, the judgment of the Court of Appeals is reversed, and this case is remanded to the intermediate court for consideration of the merits of the appeal.

**Tenn. R. App. P. 11 Application for Permission to Appeal;
Judgment of the Court of Appeals Reversed.**

WILLIAM M. BARKER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and JANICE M. HOLDER, JJ., joined.

Pamela M. McCord, for the appellant, Susan Green.

Eugene N. Bulso, Jr. and Barbara Hawley Smith, for the appellees, Leon Moore, ShoLodge, Inc., and ShoLodge Franchise Systems, Inc.


**OPINION**

**STATEMENT OF THE CASE**

On July 31, 2000, the appellant, Susan Green, filed a complaint against Leon Moore, ShoLodge, Inc., and ShoLodge Franchise Systems, Inc., the appellees, for an alleged breach of a settlement agreement dated January 29, 1996. Ms. Green, a former employee of ShoLodge, Inc., claimed that the settlement agreement was breached in August 1997 when Leon Moore allegedly referred to her as "a f---ing b-tch" twice in front of co-workers at her new place of employment.[1] The appellees filed a motion to dismiss this action claiming it was barred by the applicable statute of limitations. The trial court granted the appellees' motion with respect to claims it concluded were grounded in tort law and subject to the one-year statute of limitations period for personal injuries. See Tenn. Code Ann. § 28-3-104(a)(1) (2000). However, the trial court refused to dismiss the appellant's various claims for lost wages and loss of earning capacity which the court held were governed by the six-year statute of limitations applicable to contracts. See Tenn. Code Ann. § 28-3-109 (2000).

The appellees filed a motion for permission to appeal the trial court's ruling pursuant to Tennessee Rule of Appellate Procedure 9 ("Rule 9"). The interlocutory appeal was granted, and the Court of Appeals affirmed the ruling of the trial court. Subsequently, the appellees sought and were granted permission to appeal by this Court.

On November 22, 2000, while still appealing the trial court's original ruling on the motion to dismiss, the appellees filed an answer to the appellant's complaint and asserted a counterclaim alleging that it was the appellant who breached the 1996 settlement agreement by filing a frivolous lawsuit. The appellees subsequently filed a motion for summary judgment with respect to the appellant's claims that the trial court had determined were not barred by the statute of limitations. The trial court substantially granted the appellees' motion and dismissed all but one of Ms. Green's claims for damages.

On September 18, 2001, the appellees filed another motion for summary judgment with respect to the appellant's sole remaining claim for damages. The trial court granted the appellees' motion and dismissed with prejudice all claims made by Ms. Green against the appellees. Subsequently, on February 5, 2002, the appellees filed a written notice with the trial court voluntarily dismissing their counterclaim against the appellant pursuant to Tennessee Rule of Civil Procedure 41.01 ("Rule 41.01"). Because all of the appellant's claims had been dismissed, the appellees' counterclaim was the final claim remaining in this action.

On March 13, 2002, the trial court entered an order which confirmed that "as of February 5, 200[2],[2] all claims of all parties in this action have been adjudicated and this action has therefore

---

[1] Given that the instant case is procedural in nature, the underlying facts of the appellant's complaint and the appellees' counterclaim are irrelevant.

[2] The trial court's order of March 13, 2002 erroneously noted "February 5, 2001" as the date that the appellees filed the notice of voluntary dismissal of their counterclaim. This was merely a typographical error, as there is no dispute in the record that the appellees' written notice of voluntary dismissal was filed on February 5, 2002. Additionally, neither
(continued...)

been concluded." Additionally, on March 13, 2002, the appellees filed a motion to dismiss their application for permission to appeal in this Court. Citing the trial court's favorable summary judgment rulings, the appellees claimed that because "the trial court's dismissal of the plaintiff's claims is final and non-appealable, the [statute of limitations] issue raised in the [appellees'] Application for Permission to Appeal has become moot." In a *per curiam* order, this Court, relying on language from the appellees' motion, dismissed the appellees' application for permission to appeal and implied that the trial court's dismissal of Ms. Green's claims was final and non-appealable on February 5, 2002. However, this Court was not faced with the issue of when the Rule 4(a) notice of appeal period commenced. Accordingly, our order was based upon incomplete information, and any language in the order suggesting that the notice of appeal period commenced when the appellees filed their notice of voluntary dismissal on February 5, 2002 is not dispositive of the issue before us.

On April 11, 2002, Ms. Green filed a notice of appeal. The notice of appeal was filed within thirty days of the trial court's entry of an order indicating that all claims by the parties had been adjudicated. However, it was not filed within thirty days of the appellees' notice of voluntary dismissal of their counterclaim. The Court of Appeals held that "it is the filing of the written notice of dismissal, not the entry of the confirmatory order, that triggers the commencement of the time within which a notice of appeal must be filed." Thus, the Court of Appeals held that the appellant's notice of appeal was untimely filed.

We granted the appellant's application for permission to appeal to determine whether the thirty-day period for filing a notice of appeal pursuant to Rule 4(a) commenced on the date the appellees filed their notice of voluntary dismissal, or rather on the date that the trial court entered an order stating that all claims between the parties had been adjudicated. For the reasons stated herein, we reverse the decision of the Court of Appeals and hold that for purposes of filing a notice of appeal under Tennessee Rules of Appellate Procedure 3 and 4, the thirty-day appeal period commenced on the date that the trial court entered its order confirming that all claims by all parties had been adjudicated. Accordingly, we remand this case to the Court of Appeals for proceedings consistent with this opinion.

## STANDARD OF APPELLATE REVIEW

In this case, our review concerns when the thirty-day notice of appeal period articulated in Rule 4(a) commenced. Interpretation of Rule 4(a) is a pure question of law, for which the standard of review is de novo with no presumption of correctness given to the Court of Appeals. Doyle v. Frost, 49 S.W.3d 853, 856 (Tenn. 2001); Reeves v. Granite State Ins. Co., 36 S.W.3d 58, 60 (Tenn. 2001); In re Estate of Hume, 984 S.W.2d 602, 604 (Tenn. 1999).

## ANALYSIS

---

[2] (...continued)
party has raised the issue of whether the trial court had the authority to issue a retroactive order. Therefore, that issue is not before us for review.

Tennessee Rule of Appellate Procedure 3(a) ("Rule 3(a)") states that a final judgment in a civil action "entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right." However, Rule 3(a) also states that "[e]xcept as otherwise permitted in Rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, *any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable . . . .*" (Emphasis added). Hence, until the appellees' counterclaim was adjudicated, Ms. Green was unable to appeal the unfavorable rulings of the trial court against her. However, once all claims between the parties had been adjudicated, Rule 4(a) states that the notice of appeal "shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from . . . ." Thus, this case turns on whether "the date of entry of the judgment appealed from" was February 5, 2002 (the date the appellees filed the notice of voluntary dismissal) or March 13, 2002 (the date the trial court entered its order confirming that all claims between the parties in this actions were adjudicated).

The appellees contend that the thirty-day appeal period commenced on February 5, 2002, the date they filed the notice of voluntary dismissal. In support of their argument, the appellees cite to the case of Rickets v. Sexton, 533 S.W.2d 293 (Tenn. 1976). In Rickets, this Court held that Rule 41.01 "specifies that a plaintiff 'shall have the right to take a voluntary nonsuit or [sic] to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause.'" Id. at 294 (quoting Tenn. R. Civ. P. 41.01). The Court further noted that, subject to limited exceptions, when deciding whether to voluntarily dismiss an action, the "lawyer for the plaintiff is the sole judge of the matter and the trial judge has no control over it. It is not necessary that [the trial judge] approve the action of plaintiff's counsel by signing any order . . . ." Id. at 294. Relying on this language, the appellees assert that by voluntarily dismissing their counterclaim, the final remaining claim in the action, on February 5, 2002, the trial court's summary judgment rulings against the appellant became immediately appealable.

Additionally, the appellees cite as authority the case of Parker v. Vanderbilt Univ., 767 S.W.2d 412 (Tenn. Ct. App. 1988). In Parker, the Court of Appeals, citing Rickets, stated that it was the filing of a notice of voluntary dismissal that triggered the commencement of time in which an appeal must be filed. Id. at 421-22. However, the facts in Parker are distinguishable from the instant case in that Parker involved a plaintiff filing a motion under Tennessee Rule of Civil Procedure 59.04. Additionally, the plaintiff in Parker filed her motion within thirty days of *both* the written notice of voluntary dismissal *and* the trial court's entry of an order confirming the nonsuit. As such, the Court of Appeals in Parker never reached the issue of whether the filing of the written notice of voluntary dismissal or the trial court's entry of an order confirming the nonsuit triggered the running of the thirty-day appeal period under Rule 4(a).

Conversely, Ms. Green argues that the thirty-day period commenced on March 13, 2002, the date the trial court entered an order confirming that all claims between the parties in the action had been adjudicated. In support of her argument, the appellant cites to the case of Evans v. Perkey, 647 S.W.2d 636 (Tenn. Ct. App. 1982). In Evans, the plaintiff filed a notice of voluntary nonsuit on

August 8, 1980. Subsequently, the trial court entered an order dismissing the action without prejudice on August 29, 1980. On August 31, 1981,[3] the plaintiff re-filed a complaint pursuant to the one-year Tennessee Savings Statute. Relying on Rickets, the defendants argued on appeal that the one-year savings statute expired on August 8, 1981 because that was the date the plaintiff filed a written notice of voluntary nonsuit. The Court of Appeals found Rickets to not be controlling and stated:

> In Rickets the [C]ourt was concerned with the right of a party to take a voluntary nonsuit and the lack of the power of the court to deprive him of that right. We construe the Rickets [C]ourt to be saying that the plaintiff in that case had done all that was required to be done when he gave written notice of his intention to take a nonsuit. It was not necessary for the court to grant permission or enter an order permitting it to be done. However, we do not find the [C]ourt to be saying that a judgment or decree need not be entered for final adjudication of the case.

Evans, 647 S.W.2d at 640-41. Interpreting the questionable language in Rickets as dicta, the Court of Appeals noted the long standing principle that a court speaks only through its written judgments, duly entered upon its minutes. Id. at 641 (citing Mass. Mut. Life Ins. Co. v. Taylor Implement & Vehicle Co., 195 S.W. 762 (Tenn. 1917); Sparkle Laundry & Cleaners, Inc. v. Kelton, 595 S.W.2d 88, 93 (Tenn. Ct. App. 1979)). Thus, the Court of Appeals concluded that "the one-year statute of limitations ran from the date of the entry of the order of the court and not from the date of filing the notice of nonsuit." Id.

Additionally, the appellant cites the case of Montgomery v. Nichols, 10 S.W.3d 258 (Tenn. Ct. App. 1999). Though not directly on point, the Court of Appeals in Montgomery, relying on Evans, held that the "timeliness of a [Tennessee] Rule [of Civil Procedure] 60 motion after a voluntary nonsuit should be measured from the date of entry of the order of voluntary nonsuit, and not from the date of filing of the notice of voluntary nonsuit." Id. at 262.

After considering the issue and the cases cited by both sides, none of which are directly on point, we are of the opinion that the reasoning and decision reached in Evans and its progeny are persuasive. The language in Rickets which arguably suggests that filing a notice of voluntary dismissal constitutes an adjudication for purposes of commencing the Rule 4(a) thirty-day appeal period is non-binding dicta. Rickets stands for the proposition that, except in very limited circumstances, a party can take a voluntary nonsuit without permission from the trial court. If filing a notice of voluntary nonsuit was all that was required to conclude an action, the Court of Appeals could then receive the appeal without the trial court ever entering an order or assessing costs. Such a holding would be contrary to common sense and our own precedent. As the Court of Appeals correctly noted in Evans, a "[c]ourt speaks only through its written judgments, duly entered upon its

---

[3] August 31, 1981 was more than one year after August 29, 1980. However, the plaintiff was allowed to re-file on August 31, 1981, pursuant to Tennessee Rule of Civil Procedure 6.01, because August 29, 1981 fell on a weekend.

minutes."  Evans, 647 S.W.2d at 641; see also Ivey v. State, 360 S.W.2d 1, 2 (Tenn. 1962); Lewis ex rel. Lewis v. Brooks, 66 S.W.3d 883, 886 (Tenn. Ct. App. 2001); City of Newport v. Masengill Auction Co., 19 S.W.3d 789, 795 (Tenn. Ct. App. 1999).  Accordingly, we conclude that the unfavorable rulings of the trial court did not become appealable for the appellant until the trial court entered its order on March 13, 2002 confirming that all claims between the parties had been adjudicated.

> Additionally, we acknowledge that Tennessee Rule of Civil Procedure 58 ("Rule 58") states:
>> Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:
>> (1) the signatures of the judge and all parties or counsel, or
>> (2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or
>> (3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

We note that by the plain language of Rule 58, the signature of the judge is mandatory to effectuate a judgment or order of final disposition.  Furthermore, the original Advisory Commission Comment to Rule 58 states that the rule was "designed to make uniform across the State the procedure for the entry of judgment and to make certain the effective date of judgment."  Therefore, we hold that the thirty-day notice of appeal period articulated in Rule 4(a) commenced when the trial court entered its signed order confirming that all claims between the parties had been adjudicated on March 13, 2002.

## CONCLUSION

We are of the opinion that the thirty-day notice of appeal period articulated in Rule 4(a) commenced when the trial court entered an order confirming that all claims between the parties in this action had been adjudicated on March 13, 2002.  Accordingly, we reverse the judgment of the Court of Appeals and remand this case to the intermediate court for consideration of the merits of the appeal.  Costs of this appeal are taxed to the appellees, Leon Moore, ShoLodge, Inc., and ShoLodge Franchise Systems, Inc.

_____
William M. Barker, Justice