# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### February 1, 2012 Session

## MARY CATHERINE GENTRY v. TAGNER H. BAILEY ET AL.

**Appeal by Permission from the Chancery Court for Hamilton County**
**No. 07-0368     Jeffrey M. Atherton, Chancellor**

---

**No. E2011-01278-COA-R9-CV - Filed February 27, 2012**

---

A jury awarded Mary Catherine Gentry ("the Plaintiff") compensatory damages of $80,000 against four defendants involved in the sale to her of a condominium. It also awarded punitive damages in the amount of $30,000 – $10,000 each against three of the four defendants. The defendants (collectively referred to herein as "the Defendants") are Battery Place Condominiums, LLC, the owner of the complex ("the Owner"); Tagner H. Bailey, the builder of the complex ("the Builder"); Gina Sakich, the realtor who handled the transaction ("the Realtor"); and Realty Center of Chattanooga, Inc., the agency for which the Realtor worked ("the Agency"). Before the trial court entered judgment on the verdict, the Builder and the Owner renewed their motion for directed verdict. The trial court entered an order on March 10, 2010, that purports to (1) grant a directed verdict on the issue of punitive damages; (2) grant the motion for directed verdict on the issue of compensatory damages; (3) grant a new trial limited to compensatory damages; and (4) deny the motion for directed verdict as to reasonable reliance. Thereafter the chancellor who presided over the trial retired and a new chancellor was appointed. Numerous motions and hearings later, the new chancellor entered an order setting the case for trial; the order also modified, pursuant to Tenn. R. Civ. P. 60.01, the first chancellor's March 10, 2010, order by deleting the earlier order's grant of a directed verdict as to compensatory damages. The trial court later granted the Tenn. R. App. P. 9 application of the Defendants and stayed all proceedings pending appeal. We likewise granted the Defendants' request for an interlocutory appeal. Finding no error in the trial court's judgment, we affirm.

**Tenn. R. App. P. 9 Interlocutory Appeal by Permission; Judgment
of the Chancery Court Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Sean W. Martin and Blair Bennington Cannon, Chattanooga, Tennessee, for the appellants, Gina Sakich and Realty Center of Chattanooga, Inc.

Barry L. Abbott, Chattanooga, Tennessee, for the appellants, Tagner H. Bailey and Battery Place Condominiums, LLC.

Pamela R. O'Dwyer and Randall D. Larramore, Chattanooga, Tennessee, for the appellee, Mary Catherine Gentry.

## OPINION

I.

A statement in the Defendants' brief captures the essence of the jury's verdict:

> [The Plaintiff] successfully convinced the jury that the [D]efendants misrepresented her condominium as a two bedroom unit when it was only a one bedroom with study and that as a one bedroom with study it was worth $80,000 less than what she paid at the time of purchase.

The jury found that all defendants, with the exception of the Realtor, were guilty of intentional misrepresentation and it awarded punitive damages of $10,000 each against the other three defendants for a total of $30,000. The jury also found that all of the defendants violated the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101 et seq. (2001 & Supp. 2011). Chancellor Howell N. Peoples presided over the trial. It lasted approximately one week.

The Plaintiff submitted a proposed judgment on the jury verdict, to which the Defendants objected. The Agency filed a renewed motion for directed verdict on the sole basis that punitive damages could not be awarded against it, as a principal, when its agent, the Realtor, had been absolved of liability for these damages. The Builder and the Owner then renewed their joint motion for directed verdict. They asserted that the punitive damages award did not satisfy the prescriptions of *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896 (Tenn. 1992); that the Plaintiff failed to prove her damages; and that she failed to prove that she justifiably relied upon the Defendants' misrepresentations. Chancellor Peoples heard argument on the pending motions on February 18, 2010, and announced his ruling from the bench. The court first stated that there was evidence from which the jury could have found "that an intentional misrepresentation was made," but that it was not clear and convincing. Therefore, the court granted the motion for directed verdict as to punitive damages.

Concerning the issues of compensatory damages and reasonable reliance, the court stated the following:

> On the issue of compensatory damages, we have the testimony of the Plaintiff, Ms. Gentry, the testimony of Mr. Rominger [the Plaintiff's expert], and the testimony of Mr. Tindell [the Defendants' expert]. At the time the Plaintiff gave her deposition, she didn't know what the value of her unit was.
>
> * * *
>
> She, apparently, learned, sometime between her deposition and trial, what she believed to be information sufficient to state the value of her unit.
>
> Mr. Rominger relied upon pre-construction contracts for reaching his value. . . .
>
> Mr. Tindell's testimony could be called into question because of his relationship with [the Builder] from a personal standpoint.
>
> In the opinion of the Court, the Plaintiff's evidence regarding the value of the property is insufficient, but so is the Defendant's. The Plaintiff is required to prove the damages, and the testimony of Mr. Rominger and Ms. Gentry certainly does not do that. So the Court would find that the Plaintiff is entitled to a new trial on the issue of compensatory damages.
>
> On the matter of reliance, the evidence is certainly contradictory on what was available to the Plaintiff to inform her about the unit. The jury was entitled to weigh that evidence and to reach a conclusion that her reliance was reasonable . . . . The jury made their finding and the Court will not reverse that finding. That would apply also to the Consumer Protection Act claims.

When asked why the court was granting a new trial when the parties were "not at a new trial motion yet," the court stated "[t]hat's what you're looking at." Counsel for the Plaintiff verbally articulated his understanding of the court's ruling as follows:

> Based on what I understand, the order should be entered sustaining liability under the cause of actions found by the jury. We are awarded a new trial with regard to the level of compensatory damages. And with regard to punitive damages, that's just a directed verdict. We don't have any new trial regarding that issue?

The court responded, "[r]ight." The court announced that the new trial would be with a new jury and suggested that counsel for the Builder and the Owner prepare an order.

The order, entered March 10, 2010, states, in pertinent part:

> This cause . . . came before the Court on February 18, 2010 upon the Defendants' (Tagner H. Bailey and Battery Place Condominiums, LLC) Renewed Motion for Directed Verdict pursuant to Rules 50 and 59 of the Tennessee Rules of Civil Procedure. The Court made certain findings and conclusions during the hearing . . . . The transcript of the findings and conclusions of the Court is attached hereto . . . and incorporated by reference herein.
>
> WHEREFORE, . . . it is hereby,
>
> ORDERED, ADJUDGED AND DECREED as follows:
>
> 1. The Defendants' Motion for Directed Verdict with respect to the issue of punitive damages is GRANTED.
>
> 2. The Defendants' Motion for Directed Verdict with respect to the issue of compensatory damages is GRANTED.
>
> 3. The parties are granted a new trial pursuant to Rule 59 of the Tennessee Rules of Civil Procedure on the issue of compensatory damages only.
>
> *   *   *
>
> 5. The Defendants' motion for Directed Verdict is DENIED with respect to the issue of reasonable reliance.

(Capitalization in original; bold type in original omitted.)

Chancellor Peoples retired on or about March 31, 2010. He was replaced in August 2010 by Chancellor Jeffrey M. Atherton. On November 4, 2010, the Plaintiff filed a motion to set a date for the new trial. The Defendants filed a motion pursuant to Tenn. R. Civ. P. 63[1] asking the court to certify familiarity with the record and to determine that the case could proceed without prejudice to the parties. On January 3, 2011, Chancellor Atherton certified his familiarity with the record and determined that the case could proceed. Accordingly, the court set a hearing date in response to the Plaintiff's motion. The Defendants filed a "Joint Supplemental Response in Opposition to Plaintiff's Motion to Set" in which they argued that the order entered March 10, 2010, was a final order that disposed of all matters by granting a directed verdict on compensatory damages. As to the part of the order granting a new trial, the Defendants argued that a new trial was granted *conditionally*, *i.e.*, to be effective in the event the directed verdict was reversed on appeal, and, since the Plaintiff did not appeal the order, the issue of a new trial was moot.

On February 24, 2011, the court filed a memorandum opinion announcing its decision to set the case for trial. The court began by determining that the March 10, 2010, order was not a final order that resolved all issues as to all parties, nor was it certified as final pursuant to Tenn. R. Civ. P. 54.02. The court ultimately determined that

> the holding of Chancellor Peoples, as reflected in the transcript of the Hearing, that both parties' proof is "insufficient" should not be interpreted as the formal granting of a Motion for Directed Verdict. Even if it were, the specific denial of the Motion for Directed Verdict on the "Reasonable Reliance" issue precludes the Court from now determining that the Order of March 10, 2010, was an order that fully adjudicated the case. In addition, the finding of the Court that Plaintiff was entitled to a new trial on the issue of compensatory damages does not represent a T.R.C.P. 50.03 "conditional ruling" under the circumstances of this case. Thus, the March [1]0, 2010, "Order

---

[1] Rule 63 states, in pertinent part:

> If a trial or hearing has been commenced and the judge is unable to proceed, any other judge may proceed upon certifying familiarity with the record and determining that the proceedings in the case may be completed without prejudice to the parties. . . .

on Jury Verdict and Setting New Trial On Compensatory Damages" should be amended to provide correction and clarification.

* * *

. . . . [P]ursuant to T.R.C.P. 60.01 and for the purposes of clarifying the record and correcting an oversight and/or a clerical mistake, the Court would request the parties prepare an Order amending the March 10, 2010 Order by deleting the paragraph Numbered 2 which relates to a directed verdict as to compensatory damages. It is simply incongruent with the unequivocal opinion announced by [Chancellor Peoples] at the February 18, 2010 Hearing, and particularly when one considers the clear intent of the Court that a new trial would take place as to the issue of compensatory damages . . . . Further, the Order should be amended to reflect that the granting of the directed verdict relating to punitive damages includes Defendant, Realty Center, LLC, not merely [the Builder] and [the Owner].

(Footnote omitted.)

Upon the failure of the parties to submit an order satisfactorily reflecting the court's holdings in its memorandum opinion, the court prepared and entered its own order which states, in pertinent part:

The order of March 10, 2010, is hereby amended only as follows:

a. Paragraph No. 2 on Page 2 is deleted in its entirety; and

b. As to Paragraph No. 1 on Page 2, the Defendants' Motion for Directed Verdict with respect to the issue of punitive damages is GRANTED and includes Defendants Realty Center, LLC, Tagner Bailey, and Battery Place, LLC.

(Capitalization in original; bold type in original omitted.)

As we have previously indicated, the Defendants filed an application pursuant to Tenn. R. App. P. 9 for permission to take an interlocutory appeal of the order amending the March 10 2010, order. The trial court granted the application and stayed all proceedings. We, likewise, granted the Defendants' application.

## II.

The issues, as stated verbatim in the Defendants' brief, are:

> Whether the Plaintiff has a right to a second trial on the issue of compensatory damages under the order . . . entered on March 10, 2010, when she failed to sustain her burden of proof on this issue in the first trial.

> Whether a successor chancellor, in reviewing the record under Rule 63, can alter, amend, or overrule decisions of his predecessor based on his belief that his predecessor did not mean to rule as the plain language of the order would indicate.

## III.

Insofar as this case involves the interpretation of the rules of civil procedure, it presents questions of law. *Lacy v. Cox*, 152 S.W.3d 480, 483 (Tenn. 2004); *see Green v. Moore*, 101 S.W.3d 415, 418 (Tenn. 2003). We review questions of law de novo with no presumption that the trial court decided them correctly. *Green*, 101 S.W.3d at 418; *Southern Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001). This case also requires us to interpret the trial court's order of March 10, 2010. "The . . . interpretation of a [court's] order . . . is a question of law that this Court reviews *de novo*." *Lamar Advertising Co. v. By-Pass Partners*, 313 S.W.3d 779, 785 (Tenn. Ct. App. 2009) (*citing Hastings v. Hastings*, No. 01A01–9603–CH–00128, 1996 WL 33480501 at *2 (Tenn. Ct. App. Nov. 27, 1996)). A trial court's decision whether or not to grant relief from a judgment or order pursuant to Tenn. R. Civ. P. 60.01 is reviewed for abuse of discretion. *SecurAmerica Business Credit v. Schledwitz*, No. W2009-02571-COA-R3-CV, 2011 WL 3808232 at *8 (Tenn. Ct. App. W.S., filed Aug. 26, 2011). Under this standard, a trial court's decision must be upheld if reasonable minds could disagree about the correctness of the decision of the trial court. *Id.* (*citing Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001)).

IV.

The Defendants do not strictly adhere to their stated issues in making their arguments. The issues and the arguments, in our opinion, suffer from the common problem of circular reasoning. They try to lead us to the conclusion that Chancellor Peoples could not have granted the Plaintiff a new trial because he granted the Defendants a directed verdict. The Defendants appear unwilling to entertain the possibility that the March 10, 2010, order upon which the outcome of this case turns, was, at best, ambiguous and subject to interpretation. The Defendants then attempt to build upon this weak inner circle with additional circular assertions that the March 10, 2010, order is final, and not subject to modification, because a directed verdict on damages necessarily disposes of all claims and that the new chancellor acted outside his authority in modifying a final order. We are unwilling to follow these circles from point to point as charted by the Defendants. Instead, we will focus on what we perceive to be the key issue or issues. This approach will allow us to address the Defendants' arguments that are pertinent to the dispositive issues, and perhaps show why some of the other arguments are not pertinent.

The key issue in this case is the interpretation of the March 10, 2010, order. The Defendants take the position that the subject order clearly and unequivocally grants them a directed verdict. We disagree. In construing an order, the primary goal is the same as with any writing, *i.e.*, to ascertain the intended effect looking first to the language of the document. *Livingston v. Livingston*, 429 S.W.2d 452, 456 (Tenn. Ct. App. 1967). The "general rule" in construing orders and judgments

> is that a judgment should be so construed as to give effect to every part of it and where there are two possible interpretations that one will be adopted which is in harmony with the entire record, and is such as ought to have been rendered and is such as is within the jurisdictional power of the court. Moreover, the judgment will be read in the light of the pleadings and the other parts of the record.

*Lamar Advertising Co.*, 313 S.W.3d at 786 (*quoting John Barb, Inc. v. Underwriters at Lloyds of London*, 653 S.W.2d 422, 423 (Tenn. Ct. App.1983) (internal citation omitted) (*quoting Grant v. Davis*, 8 Tenn. C. C. A. 315, 319 (Civ. App. 1918)). Further, when the order expressly incorporates a transcribed ruling from the bench, the transcription of the oral pronouncement is given the legal effect of being part of the order. *See Grand Valley Lakes Property Owners Ass'n v. Burrow*, No. W2011-00573-COA-R3-CV, 2011 WL 6916477 at *6 (Tenn. Ct. App. W.S., filed Dec. 28, 2011)(courts do not necessarily review oral announcements *unless* transcribed and incorporated into decree).

The March 10, 2010, order attaches and expressly incorporates "[t]he transcript of the findings and conclusions of the Court" from the February 18, 2010 hearing. Therefore, the Defendants miss the mark in stressing the rule that a court speaks only through its orders and not through oral pronouncements. *See Palmer v. Palmer*, 562 S.W.2d 833, 837 (Tenn. Ct. App. 1977). Obviously, it would be helpful to the Defendants if we would ignore the transcript. Not once in the transcript did Chancellor Peoples indicate that he was granting a directed verdict on anything other than punitive damages. On the other hand, he did expressly state that he was granting "a new trial . . . on the issue of compensatory damages." When questioned by counsel, the court stated, referring to its previous statement granting a new trial, "[t]hat's what you're looking at." After counsel for the Plaintiff summarized his understanding of the court's ruling to include "a new trial with regard to the level of compensatory damages," the court responded, "[r]ight." Twice more in the hearing, the court confirmed that there would be a new trial with a new jury.

The only thing in the transcript of the February 18, 2010, hearing that is even arguably helpful to the Defendants' position is the court's observation that "the testimony of Mr. Rominger and Ms. Gentry certainly does not" prove the Plaintiff's damages. This comment comes immediately after the court's observation that "the Plaintiff's evidence regarding the value of the property is insufficient, but so is the Defendant's." The most logical interpretation of the totality of this language is that it is a commentary by the trial court, as thirteenth juror, on the persuasive force of the evidence offered by both parties, rather than a directed verdict based on the strongest possible view of the Plaintiff's proof without regard to any countervailing evidence offered by the Defendants. *Cf. Cooper v. Tabb*, 347 S.W.3d 207, 221 (Tenn. Ct. App. 2010) (standard for new trial based on dissatisfaction with the verdict) *with Eaton v. McLain*, 891 S.W.2d 587, 590 (Tenn. 1994)(standard for directed verdict). Our interpretation is also to be preferred because it is "in harmony" with the language expressly granting a new trial.

It is true that the language of the signed order of March 10, 2010, purports to grant "[t]he Defendants' Motion for Directed Verdict with respect to the issue of compensatory damages." The Defendants acknowledge that the order also expressly grants "a new trial . . . on the issue of compensatory damages only," but assert that since the only motion before the court was a motion for directed verdict, the new trial was conditional. They base their argument on the following language in Tenn. R. Civ. P. 50.03:

> If the motion for judgment entered in accordance with a motion for a directed verdict, provided for in 50.02, is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is

thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for a new trial. If the motion for a new trial is thus *conditionally granted*, the order thereon does not affect the finality of the judgment. If the motion for a new trial is thus *conditionally granted* and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court has otherwise ordered. In case the motion for a new trial has been conditionally denied, the appellee on appeal may assert error in that denial; and if the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court.

*Id*. (emphasis added). The Defendants would have us believe that any time a new trial is granted as a result of a renewed motion for directed verdict, the new trial can only happen upon the directed verdict being reversed on appeal. In other words, they argue that the new trial must be conditional. The Defendants take this a step farther in their reply brief by arguing that "the Court lacked the power to grant an unconditional second trial." The Defendants are mistaken. There is language in Tenn. R. Civ. P. 50.02 that expressly allows a trial court to deny a renewed motion for directed verdict and grant a new trial. That language is:

> . . . . A motion for a new trial *may* be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned, the court may allow the judgment to stand or may reopen the judgment and *either order a new trial or direct the entry of judgment* as if the requested verdict had been directed. If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed *or may order a new trial*.

*Id*. (emphasis added).

The Defendants seem to believe it helps them that the trial court cited Tenn. R. Civ. P. 59 in the paragraph of the order granting a new trial. Tenn. R. Civ. P. 59.07 expressly states that "[a] new trial may be granted to all or any of the parties and on all or part of the issues in an action in which there has been a trial by jury for any of the reasons for which new trials have heretofore been granted." This language, in our opinion, is entirely consistent with considering and denying a motion for directed verdict but granting a new trial as thirteenth juror.

-10-

The Defendants do not explain why the court went to the trouble in the March 10, 2010, order of expressly denying the renewed motion for directed verdict *as to reasonable reliance* if it fully intended to enter a final order disposing of the case for lack of proof of compensatory damages. We agree with Chancellor Atherton that the express denial of the motion as to reasonable reliance is more consistent with a non-final order granting a new trial than with a final order granting a directed verdict.

In summary, we find the Defendants' arguments unpersuasive. We hold that the March 10, 2010, order, *without regard to the incorporated transcript*, contained an ambiguity that was subject to interpretation. We hold that the trial court correctly determined from the totality of the record that the March 10, 2010, order was intended as an order granting a new trial limited to the issue of compensatory damages and not a directed verdict as to compensatory damages. Obviously, a non-conditional grant of a new trial as to compensatory damages and a grant of a directed verdict as to compensatory damages are mutually exclusive concepts.

A recurrent argument by the Defendants is that the March 10, 2010, order was a final order. They argue, therefore, that the modification of the order came too late as no appeal was taken from that order. Our holding that the intent of the order was to grant a motion for new trial disposes of this argument. It is well-settled that an "order granting a new trial is not a final judgment and is not appealable as of right." ***Evans v. Wilson***, 776 S.W.2d 939, 941 (Tenn. 1989) (*citing **Panzer v. King***, 743 S.W.2d 612, 616 (Tenn. 1988))." ***Cooper***, 347 S.W.3d at 218. Since the order was not final[2], it was subject to revision or modification. ***Id***. at 219.

The Defendants accuse Chancellor Atherton of using, or of misusing, the mechanism of Tenn. R. Civ. P. 63 to conduct a carte blanche review of his predecessor's actions and void the plain language of the March 10, 2010, order. We disagree. It was the Defendants, in fact, that asked the new chancellor to review the record in its entirety to determine whether the proceedings could go forward from the point Chancellor Peoples last acted, or, whether they must start over with a new trial. Thus, the new chancellor cannot be criticized for doing

---

[2]It appears that even if the order is not treated as an order granting a new trial, it was not a final order because it did not deal with the claims against the Realtor and the Agency. The March 10, 2010, order purports to address only "Defendants' (Tagner H. Bailey and Battery Place Condominiums, LLC) Renewed Motion for Directed Verdict." The only motion the Realtor and the Agency filed was limited to the punitive damage award. It is certainly arguable that if the March 10 order granted the Builder and the Owner a directed verdict for lack of proof of damages, the Realtor and the Agency should also be entitled to a defense verdict, but the March 10 order did not on its face grant the Realtor and the Agent a dismissal. Thus, the March 10 order could not be a final order because it disposes of "fewer than all of the . . . parties . . . ." Tenn. R. Civ. P. 54.02.

what the Defendants asked him to do. If any criticism is due, it can only be for his interpretation and application of the March 10, 2010 order. Since our interpretation and application of that order is precisely the same as that of Chancellor Atherton's as reflected in our holding expressed earlier in this opinion, we find no merit in the Defendants' argument that the trial court misused Rule 63 to reach a result. We also note that if the chancellor was trying to "save the [P]laintiff from her failings" as the Defendants argue, he could have achieved the same result simply by holding that, after reviewing the record pursuant to Tenn. R. Civ. P. 63, he was unable to proceed. The result of such a ruling would have been a new trial. *Shofner v. Shofner*, 181 S.W.3d 703, 714 (Tenn. Ct. App. 2004)(if the successor judge cannot make the certification required, he or she "must" order a new trial). Accordingly, we hold that the trial court did not violate Tenn. R. Civ. P. 63 in modifying the order of March 10, 2010, entered by his predecessor.

Finally, the Defendants argue that the modification of the order was a misapplication of Tenn. R. Civ. P. 60.01. This rule allows a court to correct "[c]lerical mistakes in . . . orders . . . and errors therein arising from oversight or omissions. . . ." The Defendants argue that the deletion of a directed verdict was a substantive alteration of the March 10, 2010, order and not the correction of a clerical error. The obvious weakness of the Defendants' position is that it mistakenly assumes a clerical error cannot affect the substantive meaning of an order; obviously the correction of such an error would alter the substantive meaning of the erroneous order. None of the Tennessee cases cited by the Defendants prohibit correction of a clerical error just because the correction has a substantive effect. It is very clear to us that Rule 60.01 allows the correction of a clerical error even if that correction affects the substantive rights of the parties. For example, in *SecurAmerica Business Credit v. Schledwitz*, No. W2009-02571-COA-R3-CV, 2011 WL 3808232 (Tenn. Ct. App. W.S., filed Aug. 26, 2011), we affirmed a trial court's "Order Clarifying and Correcting" an order of nonsuit as to certain guarantors that was entered on the same day as a substantial judgment against those same guarantors. *Id*. at *9. The court corrected the order to show that the nonsuit was not a dismissal that absolved the guarantors of liability but was limited to "the fraudulent conveyance claims." *Id*. at 6, 9.

The Defendants acknowledge, by reference to *Vaughter v. Eastern Airlines, Inc.*, 817 F.2d 685, 689 (11th Cir. 1987)(discussing Fed. R. Civ. P. 60(a)), that Rule 60.01 is properly used to correct "mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of the trial." Our discussion thus far has shown that we believe the order being appealed did exactly that concerning the March 10, 2010, order. To the extent the March 10, 2010, order can be said to reflect a directed verdict, that is not what was intended and the order was properly amended to correct that mistake. Thus, we hold that the trial court did not abuse its discretion in amending the March 10, 2010, order pursuant to Tenn. R. Civ. P. 60.01to delete any reference to a directed verdict on compensatory damages.

-12-

As we have indicated, the Defendants' arguments do not all exactly match the stated issues.  To the extent we have failed to discuss a particular assertion, we have nevertheless considered it and found that it does not affect our decision on the dispositive issue.

V.

The order of the trial court modifying the March 10, 2010 order to reflect that the court was granting a new trial rather than granting the Defendants a directed verdict is affirmed.  Costs on appeal are taxed to the appellants, Gina Sakich, Realty Center of Chattanooga, Inc., Tagner H. Bailey and Battery Place Condominiums, LLC.  This case is remanded, pursuant to applicable law, for further proceedings.

_____
CHARLES D. SUSANO, JR., JUDGE