# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### September 25, 2013 Session

## MARKUM DOUGLAS v. PEGGY J. LOWE, ET AL.

### Direct Appeal from the Chancery Court for Rutherford County
### No. 10-CV-1055    Robert E. Corlew, III, Chancellor

### No. M2012-02276-COA-R3-CV - Filed November 12, 2013

Plaintiff purchased landlocked property and filed suit against adjoining landowners to establish an easement for a private road and for utilities pursuant to Tennessee Code Annotated section 54-14-101, *et seq*. After the jury of view returned its verdict form selecting a certain route for the easement, the plaintiff filed a notice of voluntary dismissal, which the trial court granted. Defendants filed a motion to set aside the order of voluntary dismissal without prejudice, which the trial court denied. Defendants appeal. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Josh A. McCreary, Murfreesboro, Tennessee, for the appellant, Peggy J. Lowe, et al

Amy J. Farrar, James A. Turner, Murfreesboro, Tennessee, for the appellee, Markum Douglas

**OPINION**

## I. FACTS & PROCEDURAL HISTORY

Markum Douglas ("Plaintiff") purchased landlocked property in rural Rutherford County, Tennessee, in 2005. Several members of the Lowe family ("the Lowes" or "Defendants") live in houses on a neighboring farm. In 2010, Plaintiff filed a complaint to have a private easement to landlocked property established pursuant to Tennessee Code Annotated section 54-14-101, *et seq*. He named several members of the Lowe family as defendants and sought to establish a private road for ingress and egress, in addition to a utility easement, across the Lowes' properties. Plaintiff alleged that the route across the Lowes' properties was "the most adequate and convenient outlet" from his land to a public road. Other neighboring landowners were added as defendants later, as the Lowes argued that alternative routes for the easement, across other properties, would be more direct, convenient, and otherwise appropriate.

The matter was tried before a five-person jury of view on May 14-16, 2012, during which time the jury of view traveled to the property to view the proposed locations of the easements. The jury of view returned a verdict form selecting "the Daddy Green Road route" for the easement, not the route across the Lowes' properties.[1] Thereafter, the trial court entered an order noting the decision of the jury of view. Plaintiff filed a motion for mistrial, alleging juror misconduct, which the trial court denied. Plaintiff also filed a motion to alter or amend and a motion for new trial, raising various objections to the decision of the jury of view. Before these motions were resolved, however, Plaintiff filed a notice of voluntary dismissal, which the trial court approved by order on July 17, 2012. Defendants filed a motion to alter or amend or set aside the order of voluntary dismissal without prejudice, which the trial court denied.

## II. ISSUES PRESENTED

Defendants frame the issue on appeal as "whether the trial court erred when it granted a voluntary dismissal without prejudice after the jury of view had returned its verdict and the Court had entered an Order confirming the jury of view report and where a dismissal would prejudice a right vested in the Defendant/Appellant during the pendency of the case."

---

[1] The jury of view is "authorized to locate the easement or right-of-way at the place set out in the petition or at any other place, care being taken to locate the easement or right-of-way where it will be of service to the petitioners and occasion as little damage as practicable to the defendants." Tenn. Code Ann. § 54-14-111.

In the event that we conclude that Plaintiff was not entitled to a voluntary nonsuit, then Plaintiff raises the following additional issues, in its posture as appellee:

1. Whether the trial court erred in failing to grant the Plaintiff's motion for a mistrial on the grounds of jury misconduct; and
2. Whether the jury of view's verdict granting an easement across the Daddy Green route should be set aside or modified because there is no water access available to Plaintiff along the selected route.

For the following reasons, we affirm the decision of the trial court and remand for further proceedings as may be necessary.

## III. STANDARD OF REVIEW

We review the trial court's denial of a motion to alter or amend, or a motion to set aside a judgment, for abuse of discretion. *Ussery v. City of Columbia*, 316 S.W.3d 570, 574 (Tenn. Ct. App. 2009). "The abuse of discretion standard does not allow the appellate court to substitute its judgment for that of the trial court, and we will find an abuse of discretion only if the court applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011)) (quotations omitted).

## IV. DISCUSSION

"The procedure for condemnation of an easement across land obstructing access to a public road is established by Tenn. Code Ann. § 54-14-101(a)(1)." *Barge v. Sadler*, 70 S.W.3d 683, 688 (Tenn. 2002). Tennessee Code Annotated section 54-14-101(a)(1) provides, in pertinent part:

When the lands of any person are surrounded or enclosed by the lands of any other person or persons who refuse to allow to the person a private road to pass to or from the person's lands, it is the duty of the county court, on petition of any person whose land is surrounded, to appoint a jury of view, who shall, on oath, view the premises, and lay off and mark a road through the land of the person or persons refusing, in a manner as to do the least possible injury to those persons, and report to the next session of the court, which court shall, in accordance with this part, grant an order to the petitioner to open such road . . . . The damage adjudged by the jury shall, in all cases, be paid by the person applying for such order, together with the costs of summoning and impaneling

the jury.

"Thus, the statute provides that once the court finds that property is landlocked, a jury of view must be appointed to determine the portion of private, adjoining land where the placement of an easement will be least injurious." ***Barge***, 70 S.W.3d at 688. The jury of view must actually "view" the landlocked property and the surrounding premises to make this determination, and it must also assess the damages the petitioner must pay to the landowner for use of the easement. ***Id.*** "It is only after a report by the jury of view is submitted that the trial court 'shall have the power to grant an order to the petitioner to open such road[.]'" ***Id.*** (quoting Tenn. Code Ann. § 54-14-101(a)(1)).

The case before us requires us to determine at what point during private condemnation proceedings may a petitioner no longer take a voluntary nonsuit without prejudice. This Court considered a situation strikingly similar to the one before us in ***Wolfe v. Jaeger***, No. W2008-00923-COA-R3-CV, 2009 WL 723529 (Tenn. Ct. App. Mar. 19, 2009). In that case, the plaintiff commenced a private condemnation action pursuant to Tennessee Code Annotated section 54-14-101, *et. seq*, and the plaintiff moved for and was granted a voluntary nonsuit pursuant to Tennessee Rule of Civil Procedure 41.01 after the jury of view filed its report, but before the report was acted upon by the trial court. ***Id.*** at *1. The defendants filed a motion to set aside the order granting the nonsuit, which the trial court denied. ***Id.*** As a result, the defendants appealed to this Court and raised the following issue: "May the Plaintiff, in a private condemnation suit, enter an order of dismissal, without prejudice, after the Jury of View has retired to consider its verdict, reached a decision and filed its report or verdict with the Court." ***Id.*** at *2. We explained that the issue presented required an analysis of "the application of Tennessee Rule of Civil Procedure 41.01, and the limitations thereto, to a condemnation proceeding filed pursuant to Tennessee Code Annotated § 54-14-101, *et. seq*." ***Id.*** at *3.

Tennessee Rule of Civil Procedure 41.01 provides, in relevant part:

Subject to the provisions of Rule 23.05, Rule 23.06, or Rule 66 [not applicable here] or of any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties, and if a party has not already been served with a summons and complaint, the plaintiff shall also serve a copy of the complaint on that party; or by an oral notice of dismissal made in open court during the trial of a cause; or in jury trials at any time before the jury retires to consider its verdict and prior to the ruling of the court sustaining a motion for a directed

-4-

verdict. . . .

In ***Wolfe***, we explained at the outset that a jury of view is not the equivalent of a "jury" in a jury trial for purposes of Rule 41.01 and its provision addressing jury trials. 2009 WL 723529, at \*4. "The historical jury of view as provided for by the condemnation statutes currently codified at Tennessee Code Annotated § 54-14-101, *et. seq.*, was 'merely for the information of the [county] court and ex parte.'" ***Id.*** (quoting *Hawkins v. Justices of Trousdale County*, 80 Tenn. 351 (1883)). Under the current statutory scheme, the jury of view's report may be contested by any party to the condemnation action. ***Id.*** (citing Tenn. Code Ann. § 54-14-112(a) (2008)). If no objection is filed to the report of the jury of view, or if objections are filed and heard and considered by the court, the report of the jury of view may be confirmed by the court, or the court may set the report aside and order another writ of inquiry. ***Id.*** (citing Tenn. Code Ann. § 54-14-112(b)). Alternatively, the trial court may modify the report and grant the easement as it deems proper. ***Id.*** (citing Tenn. Code Ann. § 54-14-113). "Within 30 days from the trial court's order on the jury of view's report, either party may appeal to the court and demand a 'trial before a jury of twelve (12) persons to be summoned and impaneled by the court in the usual way.'" ***Id.*** (quoting Tenn. Code Ann. § 54-14-114(a)). The demand for a trial by a full jury in accordance with section 54-14-114(a) "shall be the exclusive remedy for relief from the finding of a jury of view and no other appeal from the finding shall lie." Tenn. Code Ann. § 54-14-114(b).

It is clear from these procedures that a decision of the jury of view, without more, is not binding on the parties or the trial court, nor does it vest a right in either of the parties.[2] *See **Hawkins v. Justices of Trousdale County***, 80 Tenn. 351 (1883) (observing that the report of the jury of view does not determine the rights of the parties). After discussing these statutory procedures in ***Wolfe***, we then turned to the issue of "whether the trial court may grant a plaintiff's motion for voluntary dismissal without prejudice under Rule 41.01 after the jury of view has filed its report, but before the trial court has acted on the report, in a private condemnation proceeding under section 54-1[4]-101, *et. seq.*" 2009 WL 723529, at \*5. The Court discussed several older Tennessee cases that had considered the time-frame in which a voluntary dismissal was permissible in the context of private condemnation proceedings. Ultimately, the ***Wolfe*** Court concluded that "a voluntary nonsuit under Rule 41.01 may be taken after the jury of view has filed its report *until* the trial court has confirmed the report if no exceptions have been made, or if an exception has been made, after the court has confirmed or modified the report following a hearing and before the plaintiff has exercised

---

[2] Defendants argued on appeal that the decision of the jury of view vested them with an "assurance" that the easement would not be placed on their property. This assumption illustrates a misunderstanding of the lengthy procedural process required by the applicable statutory scheme, Tenn. Code Ann. § 54-14-101, *et seq.*

authority over the property." *Id.* (emphasis added). "Simply stated, the plaintiff's right to a voluntary nonsuit is extinguished upon an *order of the court* depriving the property owner of the free and complete use of his property." *Id.* at *6 (emphasis added) (citing *Anderson v. Smith*, 521 S.W.2d 787, 791 (Tenn. 1975)). "After the court has disposed of exceptions or objections, if any, and entered its order on the report of the jury of view, the remedy available to either party, including a dissatisfied plaintiff, is not a nonsuit but an appeal [to a full jury] pursuant to Tennessee Code Annotated § 54-14-114." *Id.*

In *Wolfe*, the jury of view had already filed its report, but the trial court had not yet acted upon the report when the plaintiff sought a voluntary nonsuit. Consequently, we concluded that the plaintiff was entitled to take a voluntary nonsuit at that stage of the proceedings, and we affirmed the trial court's decision to deny the defendants' motion to set the order of voluntary dismissal aside. *Id.* at *6.

In the case before us, the Defendants/Appellants do not dispute the reasoning or applicability of *Wolfe*. However, they claim that *Wolfe* is factually distinguishable because in this case, Defendants claim, the trial court *had* acted upon the report of the jury of view by entering an order confirming the report. Thus, according to Defendants, the Plaintiff's decision to seek a voluntary dismissal came too late. Plaintiff, on the other hand, argues that the "verdict form" returned by the jury of view did not contain the requisite information to constitute a proper "report" under the applicable statutes, but even if it did, Plaintiff argues, the trial court's order did not "confirm" the report of the jury of view in any event. According to Plaintiff, the trial court simply entered an order "reciting" the results of the trial and the decision reached by the jury of view, in order to provide a record of such, and the order did not in any way approve, adopt, or confirm the jury of view's decision.

In order to resolve these differing interpretations, we must examine the content and effect of the trial court's order. We must keep in mind that the trial court was obliged to confirm the report of the jury of view, to set the report aside and order another writ of inquiry, or to modify the report and grant the easement as it deemed proper. *See* Tenn. Code Ann. § 54-14-112(b), -113. The order at issue was entered on June 6, 2012, and stated as follows:

> This matter came to be heard on May 14, 15 and 16, 2012 before Chancellor Robert E. Corlew, III and a jury of view.
> Prior to the seating of the jurors, the parties stipulated that [a third alternative route] Route C as proposed by Defendants . . . was not a practical route for the proposed easement to Plaintiff's property, and accordingly agreed to dismiss [the defendant property owners] whose property the proposed easement route was to go across. . . .

-6-

After deliberation, the jury of view reported that by a majority vote the following easement should be established and set aside for the benefit of the Plaintiff over the path known as Route B, Daddy Green Road, and continuing on the gravel road to the east edge of the Douglas property. Four jurors, [names omitted], signed the verdict. The fifth juror, [name omitted], announced she was not in agreement as to the route selected and did not sign the verdict form.

The Court adjourned the proceedings until a date when a hearing would be set for the jury of view to hear further testimony and to determine the damages the Defendant would be entitled for the easement set aside by the jury of view for the Plaintiff.

All other matters are reserved pending further orders of the Court.

IT IS THEREFORE SO ORDERED.

We agree with Plaintiff's reading of the order and find that the trial court's order did not in any way confirm, approve, or adopt the report of the jury of view. The first four paragraphs of the order simply recite what occurred during the trial. With regard to the issue before us, the trial court's order merely stated that "the jury of view reported that by a majority vote the following easement *should be* established and set aside." (Emphasis added). After detailing the events that transpired during trial, the court expressly directed that "[a]ll other matters are reserved pending further orders of the Court," and added, "IT IS THEREFORE SO ORDERED." This language falls far short of confirming or adopting the report of the jury of view. From our reading of the trial court's order, it simply acknowledged the finding of the jury of view without expressly approving it. As stated in *Wolfe*, "the plaintiff's right to a voluntary nonsuit is extinguished upon an order of the court depriving the property owner of the free and complete use of his property." 2009 WL 723529, at *6. There was no such order here, and therefore, we find that Plaintiff was not barred from taking a voluntary nonsuit at this point in the proceedings.

We note that our resolution of this issue was somewhat complicated by some statements made in the trial court's subsequent order on the Defendants' motion to alter or amend or set aside the order of voluntary dismissal. In discussing whether the Plaintiff was entitled to a voluntary nonsuit, the trial court referred to the *Wolfe* case as "factually" distinguishable, stating that in *Wolfe*, the trial court had not confirmed the decision of the jury of view, while "[i]n this case the jury of view reported on May 16, 2012, and the Court polled the jury and confirmed the Order *immediately*, noting the objection of the Plaintiff."[3]

---

[3] The trial court acknowledged the *Wolfe* case but said it was "not controlling but only persuasive," and the trial court further discounted our decision in *Wolfe* because it was not published, no application for

(continued...)

(Emphasis added). Ultimately, however, the trial court found that "the fact that the Court confirmed the jury of view finding here and had not in **Wolfe** [is] a distinction without a difference." Therefore, the court concluded that "the Plaintiff should be entitled to file his Voluntary Dismissal at this point in these proceedings."

As we noted earlier in this opinion, under the current statutory scheme, the jury of view's report may be contested by any party to the condemnation action. *See* Tenn. Code Ann. § 54-14-112(a). If no objection to the report of the jury of view is filed, or if objections are filed and heard and considered by the court, the report of the jury of view may be confirmed by the court, or the court may set the report aside and order another writ of inquiry, or it may modify the report and grant the easement as it deems proper. *See* Tenn. Code Ann. § 54-14-112(b), -113. In **Wolfe**, we rejected the notion that a plaintiff had lost his right to object to the report of the jury of view where he failed to do so within 30 days because the statutory scheme does not provide any time frame within which objections must be filed. 2009 WL 723529, at *6. "Where the statute prescribes no time for the taking of the appeal from a jury of view's report, it must be taken within a reasonable time unless circumstances indicate the intent to waive the right to appeal." **Id.** (citing *Officer v. E. Tenn. Natural Gas Co.*, 239 S.W.2d 999, 1001 (Tenn. 1951)). Obviously, polling the jury of view and "confirming" its report "immediately" would not permit "a reasonable time" for a plaintiff to lodge objections to the report, unless the defendants indicate an intent to waive their right to appeal. In any event, the record does not support a finding that the trial court "immediately confirmed" the decision of the jury of view in this case. From our review of the transcript, after the presiding juror announced the decision of the jury of view, the trial judge asked each individual juror if the announced verdict represented his or her individual decision. After this questioning, the trial judge responded, "Very well." Counsel for the Defendants then informed the trial judge that he intended to file a written motion raising objections to the jury of view's decision. There was no consideration of Defendants' arguments by the trial court at that time, and the judge never announced that he was "confirming," or approving, or adopting, the report of the jury of view. More importantly, there is no *order* in the record before us that approves, adopts, or confirms the report. It is well-settled that a court speaks through its orders and judgments. **Morgan Keegan & Co., Inc. v. Smythe**, 401 S.W.3d 595, 608 (Tenn. 2013). Thus, despite the trial court's later characterization of its action as having "immediately" confirmed the report of the jury of view, there is simply no order in the record confirming the report of the jury of view, as contemplated by Tennessee Code Annotated section 54-14-112 or -113, that would

---

[3](...continued)
permission to appeal was filed, it was "decided by a panel in another geographical portion of the state," and the trial court was "not totally satisfied as to the decision of the **Wolfe** Court." Nevertheless, the trial court ultimately decided to follow the holding of **Wolfe** because it was "very nearly on point and very recent."

extinguish Plaintiff's right to a voluntary dismissal. *See **Wolfe***, 2009 WL 723529, at \*6 ("the plaintiff's right to a voluntary nonsuit is extinguished upon an order of the court depriving the property owner of the free and complete use of his property.")

Finally, we note Defendants' argument on appeal that allowing Plaintiff to take a nonsuit after significant litigation has occurred, including several days of trial before a jury of view, creates an extreme injustice for the Defendants and "is unjust as a matter of public policy." We are not unmindful of the Defendants' situation. However, Rule 41.01 specifically provides that, with certain limited exceptions, "the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice . . . at any time before the trial of a cause . . . or by an oral notice of dismissal made in open court during the trial of a cause; or in jury trials at any time before the jury retires to consider its verdict and prior to the ruling of the court sustaining a motion for a directed verdict." Thus, the Rule contemplates that a voluntary dismissal may be taken late in the proceedings, when both parties have expended significant time and expense. As our Supreme Court explained in ***Lacy v. Cox***, 152 S.W.3d 480, 484 (Tenn. 2004):

> A plaintiff's right to voluntary dismissal without prejudice is subject to the exceptions expressly stated in Rule 41.01(1) as well as to an implied exception which prohibits nonsuit when it would deprive the defendant of some vested right. *Anderson v. Smith*, 521 S.W.2d 787, 790 (Tenn. 1975). A plaintiff is further limited to taking no more than two nonsuits without prejudice, Tenn. R. Civ. P. 41.01(2), and nonsuit cannot be taken more than one year after an initial dismissal. As long as none of these exceptions and limitations serve to restrict dismissal, Rule 41.01(1) affords a plaintiff the free and unrestricted right to voluntary dismissal without prejudice before the jury retires. *Rickets v. Sexton*, 533 S.W.2d 293, 294 (Tenn. 1976); *Stewart v. Univ. of Tenn.*, 519 S.W.2d 591, 592 (Tenn. 1974); *see* Lawrence A. Pivnick, *Tenn. Circuit Court Practice*, § 23:1, at 834–35 (2003). In such instance, "The lawyer for the plaintiff is the sole judge of the matter and the trial court has no control over it." *Rickets*, 533 S.W.2d at 294. A pro forma order must be entered by the trial court for ministerial and procedural purposes. Tenn. R. Civ. P. 41.01(3).

(Footnotes omitted). Because Defendants have not shown that any of the exceptions to Rule 41.01 were applicable, or that they were deprived of a vested right obtained during the proceedings, we find that Plaintiff was entitled to a voluntary nonsuit. All other issues are deemed pretermitted.

## V.   CONCLUSION

For the following reasons, we affirm the trial court's decision to deny the Defendants' motion to set aside the order of voluntary dismissal.  Costs of this appeal are taxed to the appellants, Peggy J. Lowe, Barry L. Lowe, Carol Lowe, Mark Curtis Lowe, and Donna Lynn Lowe, and their surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.