IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 11, 2015 Session

## WENDY W. ROSE v. LISA BUSHON ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 2-411-14      William T. Ailor, Judge**

———————————

**No. E2015-00644-COA-R3-CV – Filed March 28, 2016**

———————————

Wendy Rose filed suit alleging, among other things, breach of contract and misrepresentation by defendants Lisa Bushon and Innovative Risk Management, LLC. Later, on October 13, 2014, plaintiff filed a notice of "voluntary nonsuit" in the trial court. She also faxed the notice to opposing counsel. A hearing on a pending motion to disqualify the plaintiff's counsel had been previously scheduled for October 14. The hearing was held as scheduled. Plaintiff, assuming that the case was concluded with the filing of her notice, did not appear at the hearing. On October 20, 2014, the trial court entered an order granting plaintiff a voluntary nonsuit and dismissing the case without prejudice. Defendants filed a motion to modify or amend the order of dismissal. On December 17, 2014, the trial court entered an order disqualifying plaintiff's counsel and awarding defendants attorney's fees of $7,779. We hold that Tenn. R. Civ. P. 41.01 grants plaintiff the free and unrestricted right to take a voluntary nonsuit. Accordingly, we hold that the trial court erred in ordering the disqualification of counsel and awarding attorney's fees after plaintiff filed the notice of voluntary dismissal and the trial court entered an order of dismissal. We reverse the trial court's judgment, which disqualified plaintiff's counsel and awarded attorney's fees to defendants.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Reversed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Wendy Rose, Knoxville, Tennessee, appellant, Pro Se.

John A. Lucas and Nicholas W. Diegel, Knoxville, Tennessee, for appellees, Lisa Bushon and Innovative Risk Management, LLC.

1

# OPINION

## I.

Plaintiff filed her complaint on June 26, 2014. On September 5, 2014, defendants filed a motion to disqualify her counsel. As previously noted, on October 13, 2014, plaintiff filed a notice of voluntary nonsuit and a proposed order of dismissal without prejudice. The certificate of service on the motion reflects that plaintiff had faxed the notice to defendants' counsel on October 13, 2014. On October 14, 2014, the trial court conducted a scheduled hearing on defendants' motion to disqualify. Plaintiff's counsel, assuming that the case would be dismissed without prejudice under Tenn. R. Civ. P. 41.01, did not appear at the hearing. There is no transcript of the hearing, and the record does not indicate whether an attempt was made to contact plaintiff or her counsel before proceeding with the hearing.

On October 20, 2014, the trial court entered an order stating,

> the [p]laintiff's [n]otice of [v]oluntary [n]on-suit without prejudice to re-filing this lawsuit pursuant to T.R.C.P. 41.01 is GRANTED. This case is dismissed without prejudice to the re-filing of this lawsuit.

(Capitalization in original.) On October 29, 2014, defendants filed a motion to alter or amend the order of dismissal, arguing that, at the October 14, 2014 motion hearing, the trial court had *orally* granted their motion to disqualify plaintiff's counsel and had awarded them attorney's fees. Apparently, the filing of the motion to alter or amend was prompted by the fact that no order had been entered by the court on defendants' motion to disqualify. On December 17, 2014, the trial court entered an order granting defendants' motion to disqualify plaintiff's counsel. The order also provided that the plaintiff was to pay the attorney's fees of defendants in the amount of $7,779. The trial court entered this order with the handwritten notation, "nunc pro tunc October 14, 2014."

On January 15, 2015, plaintiff filed a motion

> for an order setting aside/vacating the [o]rder [d]isqualifying [c]ounsel in this action, as well as any and all subsequent rulings made on or after October 13, 2014 to present, or in the alternative a new hearing on [d]efendants' [m]otion to [d]isqualify [c]ounsel.

The trial court denied this motion in an order entered on March 10, 2015. Plaintiff timely filed a notice of appeal.

## II.

The issue presented by plaintiff is whether the trial court erred in ordering the disqualification of her counsel and in awarding attorney's fees after plaintiff's complaint had been voluntarily dismissed under Tenn. R. Civ. P. 41.01.

Defendants argue on appeal that the trial court's judgment below is not final and the appeal should therefore be dismissed.[1] The matters now before us present questions of law that we review de novo with no presumption of correctness as to the trial court's legal conclusions. *Langschmidt v. Langschmidt*, 81 S.W.3d 741, 744-45 (Tenn. 2002).

## III.

We first address defendants' assertion that the trial court's judgment is not final. A final judgment is one "adjudicating all the claims, rights, and liabilities of all the parties." *Discover Bank v. Morgan*, 363 S.W.3d 479, 489 (Tenn. 2012). Defendants make two arguments in this regard. First, they argue that the trial court's order did not address the claims of all of the named plaintiffs in the lawsuit, pointing out that the caption of the complaint states as follows:

> WENDY W. ROSE, d/b/a INNOVATIVE INSURANCE
> GROUP, f/k/a INNOVATIVE INSURANCE GROUP, LLC,
> & PROVIDENCE INSURANCE CONSULTANTS, INC.,
> Plaintiff

(Capitalization in original.) Defendants assert that Providence Insurance Consultants, Inc., is a separate plaintiff. They argue that the trial court's order granting a voluntary nonsuit does not specifically dismiss that "plaintiff," but only refers to "plaintiff" in the singular. Wendy Rose responds that she is the only plaintiff, and that Providence Insurance Consultants, Inc., is the former name of her business. Although the caption is arguably ambiguous, the complaint makes it clear that plaintiff's business, currently named Innovative Insurance Group, was formerly known as Providence Insurance

---

[1] Defendants further argue that this appeal should be dismissed because plaintiff failed to include in the appellate record the transcripts of the motion hearings on October 14, 2014, and February 13, 2015. The record before us is sufficient to "convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b).

3

Consultants, Inc. The trial court's judgment does not leave a party plaintiff in the case; it addresses all of the claims of Wendy Rose, the sole plaintiff.

Second, defendants argue that there remain two pending motions that were filed with the trial court – their motion to amend filed October 29, 2014, and plaintiff's "motion in opposition to defendant's order to [*sic*] motion to amend order on voluntary non-suit" filed on March 11, 2015. The trial court's orders entered on December 17, 2014, and March 10, 2015, however, fully address all of the issues raised by these motions. Our review of the record compels our conclusions that there were no outstanding or unaddressed issues pending when plaintiff filed her notice of appeal. Moreover, the "motion in opposition" filed by plaintiff on March 11, 2015, is nothing more than a response to defendants' motion rather than a motion requiring affirmative action from the trial court; in it, plaintiff simply urges the court to deny defendants' motion to alter or amend, the substance of which had already been addressed by the trial court in its previous orders. We conclude that the trial court's order of March 10, 2015 was final and appealable.

**IV.**

Tenn. R. Civ. P. 41.01, the governing rule in this case, provides, in pertinent part, as follows:

> (1) Subject to the provisions of Rule 23.05, Rule 23.06, or Rule 66 or of any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties . . .
>
> \* \* \*
>
> (3) A voluntary nonsuit to dismiss an action without prejudice must be followed by an order of voluntary dismissal signed by the court and entered by the clerk. The date of entry of the order will govern the running of pertinent time periods.

Shortly after the Tennessee Rules of Civil Procedure were adopted, the Supreme Court interpreted Rule 41.01, stating as follows:

4

The rule specifies that a plaintiff "shall have the right to take a voluntary nonsuit or to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause." This portion of the rule is not dependent upon the determination of the trial judge. The lawyer for the plaintiff is the sole judge of the matter and the trial judge has no control over it. . . . All that is required to dismiss prior to the trial, in the absence of the existence of any of the exceptions above noted, is the filing of a written notice of dismissal.

\* \* \*

The right of a plaintiff to take a nonsuit is subject to the further qualification that it must not operate to deprive the defendant of some right that vested during the pending of the case.

*Rickets v. Sexton*, 533 S.W.2d 293, 294-95 (Tenn. 1976). The *Rickets* Court, observing that the "plaintiff is master of his suit and may dismiss at his pleasure before trial, and without the concurrence of the trial judge," subject to the prescribed exceptions, described the right as "*free and unrestricted*." *Id.* at 294 (emphasis in original).

Rule 41.01 was amended in 2004 to require the trial court to enter an order of voluntary dismissal after a plaintiff files a notice of voluntary nonsuit. In *Lacy v. Cox*, 152 S.W.3d 480, 484 (Tenn. 2004), the Supreme Court reaffirmed the principles set forth in *Rickets* and noted that under the amended rule, "[a] pro forma order must be entered by the trial court for ministerial and procedural purposes." This Court recently examined Rule 41.01, its history, and caselaw construing it, at length in *Ewan v. Hardison Law Firm*, 465 S.W.3d 124, 133 (Tenn. Ct. App. 2014), stating in pertinent part:

We . . . conclude that the 2004 amendment did not alter the central holding in *Rickets* that the act of "taking" a nonsuit is not dependent on any action of the trial court. From our research, the *Rickets* Opinion's holding that the right to take a nonsuit is "not dependent upon the determination of the trial judge," has not been overruled by any Court. *See Evans*, 647 S.W.2d at 640–41 (agreeing with *Rickets* that in order to take a nonsuit, "the plaintiff ... ha[s] done all that [i]s required to be done [by giving] written notice of his intention to take a nonsuit"); *see also Green*, 101 S.W.3d at 419–20 (agreeing

with *Evans*' interpretation of *Rickets*). Indeed, the Tennessee Supreme Court indicated that Rule 41.01(3)'s requirement of a written order dismissing the case does not alter the holding in *Rickets* that "[t]he lawyer for the plaintiff is the sole judge of the matter and the trial court has no control over it." *Lacy v. Cox*, 152 S.W.3d 480, 484 (Tenn. 2004) (citing *Rickets*, 533 S.W.2d at 294). Instead, the Tennessee Supreme Court held that the requirement of an order on the voluntary dismissal serves only "ministerial and procedural purposes." *Lacy v. Cox*, 152 S.W.3d at 484. Further, the Advisory Committee comment to the 2004 amendment supports this interpretation, noting that the amendment "mandates a court order after the nonsuit." Tenn. R. Civ. P. 41.01(3), advisory comm. cmt to the 2004 amend. Thus, *the nonsuit actually occurs prior to the entry of the order*.

\* \* \*

This Court's interpretation of Rule 41.01 has not altered due to the 2004 amendment. Indeed, very recently in *Davis v. Ibach*, No. W2013–02514–COA–R3–CV, 2014 WL 3368847 (Tenn. Ct. App. July 9, 2014), this Court affirmed the plaintiff's free and unrestricted right to take a nonsuit, without prior court permission, when none of the exceptions in Rule 41.01 are present.

(Emphasis added.)

In the present case, it is undisputed that none of the "exceptions" in Rule 41.01 are applicable here. It is also undisputed that plaintiff's notice of voluntary nonsuit was properly filed in the trial court on October 13, 2014, the same day plaintiff sent notice of same to defendants' counsel. Under the plain language of Rule 41.01 and the opinions construing it, the nonsuit was taken and occurred on that date, and all that remained was the "ministerial and procedural" step of entry of an order of dismissal without prejudice. The trial court took that step one week later by entry of its order on October 20, 2014. There is no subsequent order in the record that discusses, alters, amends, vacates, or otherwise disturbs this order. Under these circumstances, we conclude that it was error for the trial court to order the disqualification of plaintiff's counsel and award attorney's fees, after plaintiff had functionally and effectively ended this action by exercising her right to take a voluntary nonsuit.

## V.

The judgment of the trial court disqualifying plaintiff's counsel and awarding attorney's fees is reversed. Costs on appeal are assessed to the appellees, Lisa Bushon and Innovative Risk Management, LLC. Case remanded to the trial court for the collection of costs assessed there.

_____
CHARLES D. SUSANO, JR., JUDGE