IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 1, 2020 Session

## ANTHONY JUSTICE v. CRAFTIQUE CONSTRUCTION, INC., ET AL.

**Appeal from the Chancery Court for Loudon County**
No. 11486    Frank V. Williams, III, Chancellor

_____

### No. E2019-00884-COA-R3-CV
_____

A homeowner in a subdivision sued the construction company that developed the subdivision and the president of the company for damages, claiming that the subdivision was a "failed development" because only five out of thirty-one lots were developed before construction ceased and promised amenities, including a club house and swimming pool, were never built. The homeowner obtained default judgments for liability and money damages against the company and a default judgment for liability against the company president. During the trial to determine damages against the company president, the homeowner orally stated his intent to nonsuit his claim for damages while retaining the default judgment for liability. The trial court entered an order nonsuiting the homeowner's entire claim against the company president. The homeowner appeals, claiming the right to a partial nonsuit. We affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, J., joined.

Linn M. Guerrero, Knoxville, Tennessee, for the appellant, Anthony Justice.

Christopher Wright Martin, Knoxville, Tennessee, for the appellees, Craftique Construction, Inc., and Jason Chandler.

## OPINION

### I. FACTUAL AND PROCEDURAL BACKGROUND

Anthony Justice entered into a construction agreement with Craftique Construction, Inc. ("Craftique") in November 2007 for a house to be built in a subdivision known as

Amberly Meadows in Lenoir City. Jason Chandler was the president and manager of Craftique. According to Mr. Justice, Amberly Meadows included thirty-one lots that were supposed to be developed, but only five were actually developed before construction in the subdivision ceased.

Mr. Justice filed suit against Craftique and Mr. Chandler in June 2009. He alleged that the subdivision had "failed" and that Craftique had breached the fiduciary duty it owed him because it had not satisfied the promises it made in its Declaration of Covenants. Specifically, Mr. Justice complained that Craftique had failed to construct a club house and swimming pool, it was neglecting the maintenance in the subdivision, and it had failed to set up a homeowners' association. Mr. Justice alleged that Mr. Chandler was the alter ego of Craftique and asked that the corporate veil "be disregarded and pierced." He sought specific performance of Craftique's obligations and damages for the diminished value of his property.

Mr. Justice obtained a default judgment against Craftique on April 13, 2010, pursuant to Rule 37 of the Tennessee Rules of Civil Procedure, due to Craftique's attorney's failure to appear for a hearing on two separate occasions as well as the attorney's failure to appear at a noticed deposition or produce his client representative for deposition. The trial court conducted a writ of inquiry on December 9, 2010, to determine Mr. Justice's damages, and on January 18, 2011, the court entered judgment against Craftique for $85,000.

On August 26, 2013, Mr. Justice obtained a default judgment against Mr. Chandler for failure to plead or otherwise defend the case against him. Mr. Chandler filed an answer on September 6, 2013, and the trial court granted Mr. Chandler's motion to set aside the default judgment against him on January 16, 2014. The court also set aside the default judgments it had entered against Craftique, sua sponte. Mr. Justice filed a motion to alter or amend the court's order setting aside the default judgments, and on February 25, 2015, the court entered an order granting Mr. Justice's motion with respect to Craftique. The court reinstated its earlier default judgment against Craftique and its judgment for $85,000 in damages. On August 18, 2015, the court entered an order granting Mr. Justice's motion with respect to Mr. Chandler, "leav[ing] in full force and effect the Default Judgment against Defendant Jason Chandler."

Mr. Justice's case continued against Mr. Chandler with respect to damages. A trial was held in April 2018, and during that trial, Mr. Justice's attorney announced that Mr. Justice wanted to nonsuit "the damages claim, only as to the writ of inquiry on damages only against Mr. Chandler." The following dialogue occurred between Mr. Justice's counsel and the trial judge:

> THE COURT: You're nonsuiting the case that we've been trying today for damages as to Mr. Chandler?

COUNSEL: Right. We're not nonsuiting Craftique. We're not nonsuiting the subject of the whole independent judgment. We're not nonsuiting the default judgment that holds as the alter ego. But we are afraid, based on the research they've done while we've been working this out, that an inconsistent judgment in terms of monetary damages might lead to an appellate reversal. So in light of that, we're going to exercise our authority to nonsuit just the writ of damages only and nothing else.

Mr. Justice filed a Notice of Partial Voluntary Dismissal Without Prejudice on April 16, 2018, stating that he was "exercis[ing] his right under Tenn. R. Civ. P. 41.01 to take a voluntary non-suit without prejudice only as to the damages writ of inquiry against Defendant Jason Chandler in this case and nothing else." Mr. Justice added a footnote in his notice stating the he "takes no nonsuit as to its liability claims against Mr. Chandler that resulted in a default judgment against him."

The court entered an order on May 16, 2018, acknowledging Mr. Justice's desire to take a partial voluntary nonsuit "only as to the remaining issue of damages upon writ of inquiry against Defendant Jason Chandler and nothing else." The court stated its opinion, however, that "the Plaintiff's nonsuit is for the entire case and for any and all issues then pending before the Court." As a result, the court ordered that Mr. Justice "be and hereby is allowed to take a voluntary nonsuit, and that the case be and is hereby DISMISSED without prejudice" and ordered costs to be taxed to Mr. Justice. Mr. Justice filed a motion to alter or amend the court's order of nonsuit, which the court denied by order entered on April 18, 2019.

Mr. Justice appeals the trial court's order dismissing his case against Mr. Chandler and the order denying his motion to alter or amend that order. Craftique challenges the trial court's failure to set aside the $85,000 judgment against it and its motion to alter or amend the final judgment it entered against Craftique in March 2018.

II. ANALYSIS

A. Partial Nonsuit

Mr. Justice argues that he has "an absolute right to a nonsuit" in this case. We agree. Rule 41.01(1) of the Tennessee Rules of Civil Procedure provides, in pertinent part:

[T]he plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties . . . or by an oral notice of dismissal made in open court during the trial of a cause.

Rule 41.01 further provides that "[a] voluntary nonsuit to dismiss an action without prejudice must be followed by an order of voluntary dismissal signed by the court and entered by the clerk." TENN. R. CIV. P. 41.01(3). The rule gives Mr. Justice the right to dismiss an *action*; however, it does not give Mr. Justice the right to dismiss only a *part* of an action.

Mr. Justice relies on *Larry E. Parrish, P.C. v. Dodson*, No. M2011-00349-COA-R3-CV, 2011 WL 4529607 (Tenn. Ct. App. Sept. 29, 2011), to argue he has the right to dismiss only a portion of his claim against Mr. Chandler. In that case, a professional corporation filed a complaint against a former client, another law firm, and twenty John Does. *Dodson*, 2011 WL 4529607, at *3. The former client filed counterclaims against the corporation for legal malpractice, breach of contract, and violations of the Tennessee Consumer Protection Act. *Id.* The former client subsequently took a voluntary nonsuit of two of her claims against the corporation, while continuing to pursue her breach of contract claim. *Id.* at *4. The corporation moved to amend its complaint "to remove all references to the non-party respondents" and later filed a "partial nonsuit of its claim." *Id.* Thereafter, "[a] second notice of voluntary nonsuit without prejudice was filed," but the record did not include an order of nonsuit. *Id.* The *Dodson* court noted in a footnote that "a voluntary nonsuit to dismiss an action without prejudice must 'be followed by an order of voluntary dismissal signed by the court and entered by the clerk.'" *Id.* n.5 (quoting TENN. R. CIV. P. 41.01(3)). The court explained that "[b]ecause no order was entered voluntarily dismissing portions of the Corporation's claims, they have not been dismissed." *Id.* Thus, despite the corporation's intent to dismiss a part of its lawsuit, the corporation was unsuccessful because no order was entered dismissing any claim or parties from the case. In reaching its decision, the *Dodson* court did not explain the meaning of the phrase "partial nonsuit" nor did it address whether a party is permitted to take a partial nonsuit.

Mr. Justice relies on the phrase "partial nonsuit" that was used in *Dodson* to argue that he is entitled to separate the liability component of his claim against Mr. Chandler from the damages component and nonsuit only the damages aspect of his claim against Mr. Chandler. Contrary to Mr. Justice's representation, *Dodson* does not support Mr. Justice's position. Although the *Dodson* opinion is not clear about which claim or party/ies the corporation wanted to nonsuit, the corporation was not successful in dismissing any claim or party by voluntary nonsuit because no order was entered by the trial court as required by Rule 41.01(3). *Dodson*, 2011 WL 4529607, at *4 & n.5. We find no basis to infer that the *Dodson* Court's reference to the corporation's request for a "partial nonsuit" meant that the corporation was attempting to nonsuit one or more elements of a particular claim, as Mr. Justice seeks to do here, or that the corporation would have been successful if that, in fact, was its intent. Thus, we conclude that *Dodson* does not support Mr. Justice's argument that he is entitled to dismiss only the damages portion of his claim against Mr.

Chandler without also dismissing the default judgment he obtained regarding Mr. Chandler's liability.[1]

As our Supreme Court has stated, "[w]hen a voluntary nonsuit is taken, the rights of the parties are not adjudicated, and the parties are placed in their original positions prior to the filing of the suit." *Himmelfarb v. Allain*, 380 S.W.3d 35, 40 (Tenn. 2012); *see also Cooper v. Glasser*, 419 S.W.3d 924, 930 (Tenn. 2013); *Jasinskis v. Cameron*, No. M2019-01417-COA-R3-CV, 2020 WL 2765845, at *5 (Tenn. Ct. App. May 27, 2020). A plaintiff's voluntary nonsuit "terminates the action without an adjudication of the merits" and leaves the parties "as if no action had been brought at all." 27 C.J.S. *Dismissal and Nonsuit* § 11 (2020); *see also Nat'l R.R. Passenger Corp. v. Int'l Ass'n of Machinists & Aerospace Workers*, 915 F.2d 43, 48 (1st Cir. 1990) (stating that voluntary dismissal "'carries down with it previous proceedings and orders in the action, and all pleadings, both of plaintiff and defendant, and all issues, with respect to plaintiff's claim.'") (quoting *Bryan v. Smith*, 174 F.2d 212, 214 (7th Cir. 1949)); 24 AM. JUR. 2D *Dismissal* § 4 (2020) ("Nonsuit is a procedural step that terminates the pending litigation but leaves the issues of the cause undecided.").

The effect of Mr. Justice's oral notice of his voluntary nonsuit on April 12, 2018, followed by his notice of nonsuit and the trial court's order entered on May 16, 2018, was to dismiss Mr. Justice's claim against Mr. Chandler in its entirety without prejudice, within the confines of Tenn. R. Civ. P. 41.01(2). The parties are placed back in the positions they were in before Mr. Justice named Mr. Chandler as a defendant in this lawsuit in 2009.

In its order of voluntary dismissal, the trial court ordered that the costs of the case were to be taxed against Mr. Justice. Mr. Justice contends the trial court erred in taxing costs against him because, despite his nonsuit, he was the prevailing party in that he prevailed against Craftique. Rule 54.04(1) of the Tennessee Rules of Civil Procedure provides that costs "shall be allowed to the prevailing party unless the court otherwise directs."

The hearing on April 12, 2018, was between Mr. Justice and Mr. Chandler; it did not involve Craftique. We have held that when a plaintiff nonsuits his or her claims against a defendant, neither party is a "prevailing party." *See Jasinskis*, 2020 WL 2765845, at*5. Because Mr. Justice nonsuited his claim against Mr. Chandler, there was no prevailing party at the hearing on April 12, and the trial court directed that Mr. Justice was to be responsible for the costs. We find no error in the court's order.

---

[1]Mr. Justice also cites *Rickets v. Sexton*, 533 S.W.2d 293 (Tenn. 1976), for the proposition that he "has an absolute right to a nonsuit." We agree that he has "'the right to take a voluntary nonsuit or to dismiss an action without prejudice by filing a written notice of dismissal'" and that this right "is not dependent upon the determination of the trial judge." *Rickets*, 533 S.W.2d at 294 (quoting TENN. R. CIV. P. 41.01(1)). *Rickets* does not, however, support Mr. Justice's argument that he is entitled to dismiss only the damages portion of his claim against Mr. Chandler.

B.  The Defendants' Additional Arguments

The defendants raise two arguments on appeal, but we decline to address either issue for the following reasons.  The first issue the defendants raise is that the trial court erred by failing to set aside the judgment for damages against Craftique because it was contrary to the evidence presented.  In their argument of this issue, however, the defendants focus solely on the default judgment for liability that Mr. Justice obtained against Mr. Chandler and whether Mr. Justice should be able to pierce the corporate veil.  Based on our holding that Mr. Justice's voluntary nonsuit resulted in the dismissal of his entire case against Mr. Chandler, placing them each in the position they were in before Mr. Justice named him as a defendant in 2009, the defendants' argument is moot.

The second issue the defendants raise is that the $85,000 default judgment against Craftique that was made a final judgment on March 26, 2018, should have been set aside by the trial court.[2]  In its appellate brief, Craftique contends that the appraiser's testimony on which the $85,000 judgment against it was based was "illogical."  However, Craftique fails to cite any rule or caselaw to support its statement that the trial court erred in failing to grant its motion to alter or amend, and it fails to specify the standard under which we are to consider whether the trial court erred.  Rule 27 of the Tennessee Rules of Appellate Procedure describes the requirements of a party's brief and directs that each party raising an issue on appeal "shall contain" the following:

> (7) An argument, which may be preceded by a summary of argument, setting forth:
>
> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
>
> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues).

TENN. R. APP. P. 27(a), (b).  The defendants also failed to include the issues they were raising on appeal in their table of contents, as required by the rules.  *See* TENN. R. APP. P. 27(a)(1), (b).

---

[2]On February 26, 2018, Mr. Justice filed a motion asking the trial court to certify as final the default judgment and judgment for damages against Craftique pursuant to Tenn. R. Civ. P. 54.02.  The court granted this motion by order on March 26, 2018.  Craftique filed a motion to set this order aside on March 28, 2018, and filed another motion to alter or amend the March 26 order on April 25, 2018.  The trial court denied Craftique's motion to alter or amend on June 24, 2019.

As we have held on numerous occasions, a party's "failure to comply with the Rules of Appellate Procedure . . . waives the issues for review." *Bean v. Bean*, 40 S.W3d 52, 55 (Tenn. Ct. App. 2000); *see also Doe v. Davis*, No. M2018-02001-COA-R3-CV, 2019 WL 4247753, at *4 (Tenn. Ct. App. Sept. 6, 2019); *Rummage v. Rummage*, No. M2016-02356-COA-R3-CV, 2018 WL 2134018, at *3-4 (Tenn. Ct. App. May 9, 2018); *Xingkui Guo v. Woods & Woods, PP*, No. M2016-01435-COA-R3-CV, 2017 WL 991901, at *4 (Tenn. Ct. App. Mar. 14, 2017). "[P]arties cannot expect this court to do its work for them." *Bean*, 40 S.W.3d at 56. Because the defendants failed to comply with the requirements of Rule 27 of the Tennessee Rules of Appellate Procedure, we find they have waived the issue of whether the trial court erred in failing to grant Craftique's motion to alter or amend the $85,000 default judgment against it that the court made final on March 26, 2018.

## III. CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are to be assessed against the appellant, Anthony Justice, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE